[Civ. No. 3692. Fourth Dist.. July 26, 1948.]

IMPERIAL IRRIGATION DISTRICT, Appellant, v.
VINCENT L. HAMERSON et al., Respondents.

Harry W. Horton and George R. Kirk for Appellant.

A. L. Crawford for Respondents.

BARNARD, P. J.—This is an action to condemn an 80-foot
strip of land, desired for the installation of a drainage ditch,
extending across a 15-acre parcel owned by the defendants.
This strip, containing 2.31 acres, is near the north end of
defendants' land, leaving another strip, 35 feet wide and con-
taining about one acre, between it and the north property line.
For some 25 years a service ditch about 10 feet wide had

existed along this 35-foot strip, having been used by the plaintiff without any record right of way.

By their answer and cross-complaint the defendants claimed damage through the destruction of an underground concrete drainage pipe which existed throughout the length of the 80-foot strip in question. They also claimed that the proposed ditch would lower the value of the main body of their land. They did not, however, ask for the value of the 80-foot strip which was to be taken, nor for severance damage with respect to the 35-foot strip thus cut off.

Hearing the case without a jury, the court found for the plaintiff with respect to the necessity for taking the 80-foot strip. It was further found that the defendants are the owners of 1,250 feet of concrete drain pipe along the 80-foot strip which will be destroyed; that the defendants will be damaged in the sum of $812.50, the value of this drain; that the value of defendants' lands is $300 per acre, and they are entitled to $700 for the 2.31 acres condemned; that the defendants are the owners of the 35-foot strip to the north, which will be rendered valueless to them; that the value of this one acre is $300 for which the defendants are entitled to judgment; and that the remainder of defendants' land, to the south of the strip taken, will be benefited by the proposed improvement in the sum of $630. Judgment was entered giving the defendants damages in the sum of $1,182.50, but making no mention of condemnation and awarding no rights or benefits to the plaintiff. From this judgment the plaintiff has appealed.

It is first contended that the court erred in allowing $300 damages for the 35-foot strip to the north of the 80-foot strip and which will be severed from the main body of the respondents' land by the construction of the proposed ditch. It is argued that this strip had no value to the respondents since it was already occupied by a service canal which had been in existence for 25 years, and that any claims on the part of the respondents with respect thereto were barred by the statute of limitations (citing *Kafka* v. *Bozio,* 191 Cal. 746 [218 P. 753, 29 A.L.R. 833]).

Not only are the pleadings deficient with respect to the matter of severance damages, but the evidence does not support the finding of damage in the amount of $300 in this connection, although it indicates that the respondents were damaged in some amount. While this strip was rendered valueless to the respondents the resulting damage was not the entire value of the strip. The evidence shows that the service

canal had existed thereon for many years, but that the respondents had made some use of the remainder of the strip as a service road, as a turning ground, and to some extent for pasturage. Their use of this strip had been only partial and limited for many years, and the full value of the land was not the proper measure of their damage. The value of such use as the defendants had enjoyed, and of which they would be deprived in the future, should be determined and allowed as severance damage.

It is next contended that the court erred in allowing damages in the sum of $812.50 for the destruction of the underground pipe line on the strip sought to be condemned. While the respondents owned this pipe line the evidence that it was of any use or value to them is meager and unsatisfactory. Moreover, the only evidence as to the amount of damage is an estimate as to what the cost of replacement of such a pipe line would be, which is not the proper measure of their damage, if any. Not only is there no evidence of the actual damage that would be suffered by the respondents through the destruction of this pipe line but that matter should be considered in connection with, and as an element of, the value of the 80-foot strip taken and not as an entirely separate item. If this pipe line was an improvement to the land taken, which added to its value, it should be considered and included in connection with fixing the value of the land as taken. (*Colusa County* v. *Hudson*, 85 Cal. 633 [24 P. 791].)

Proper amendments to the pleadings should be allowed, and the action retried with a decision on all of the issues, including that of condemnation.

The judgment is reversed.

Marks, J., concurred.